# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| JACK KNIGHT, II and ALLISON KNIGHT, *Individually and as Parents and Next Friends of Minor Child,* CK, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 10-cv-4039 |
| DEAN BECKLER and SMITHWAY MOTOR XPRESS CORP., ) ) ) ) | |
| Defendants. ) | |

## O P I N I O N and O R D E R

Before the Court is the Motion to Dismiss filed by Defendants on July 13, 2010 (Doc. 25). The Motion is GRANTED.

### BACKGROUND

The Court assumes familiarity with the facts of this case that were outlined in an Order dated July 6, 2010 (Doc. 24). As relates to the present Motion, in Counts 9, 10, 13, and 14, Plaintiff's Jack Knight II and Allison Knight, individually, allege claims of reckless infliction of emotional distress. Defendants seek dismissal of these claims in light of this Court's ruling that Plaintiffs failed to state a claim for negligent infliction of emotional distress.

### DISCUSSION

Before reaching the merits of the argument, Plaintiffs argue that Defendants' Motion is untimely. Defendants filed their first Motion to Dismiss

pursuant to Rule 12(b)(1) on May 24, 2010 (Doc. 16). While captioned a Rule 12(b)(1) Motion, Defendants also sought dismissal, pursuant to Rule 12(b)(6), of Plaintiffs' claims for negligent infliction of emotional distress. After a ruling on that Motion, Defendant's filed the Rule 12(b)(6) Motion under consideration along with an Answer to the Complaint.

Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." An exception to this Rule provides that a failure to state a claim defense may be raised (again) in a pleading, by a Motion pursuant to Rule 12(c), or at trial. *See* Rule 12(h)(2)(A-C).

Defendants already filed a Motion pursuant to Rule 12 and their argument that Plaintiffs failed to state a reckless infliction of emotional distress claim was available when they filed their first Motion. This second motion does not comply with the letter of Rule 12(h)(2)(A-C). Therefore, this Motion is untimely.

However, the Motion may be considered by the Court in order to avoid unnecessary delay. *See Doe v. White*, 2010 WL 323510 (C.D. Ill. 2010) (noting that a successive Rule 12(b)(6) Motion may be considered if it has "not been filed for the purpose of delay, where entertaining the motion would expedite the case, and where the motion would narrow the issues involved"). This matter is currently at the pleading stage and no Rule 16 conference has been set. Considering the Motion on the merits would narrow the issues for discovery and for trial and significantly expedite this matter.

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view a complaint in a light most favorable to the plaintiff. *Williams v. Ramos*, 71 F.3d 1246, 1250 (7th Cir. 1995). The Court must accept all well-pleaded factual allegations and draw all reasonable inferences from those facts in favor of the plaintiff. *Richards v. Kiernan*, 461 F.3d 880, 882 (7th Cir. 2006). A plaintiff is not required to plead extensive facts, legal theories, or to anticipate defenses. *Massey v. Merrill Lynch and Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006). However, a plaintiff must "provide the grounds of his entitlement to relief" that are "more than labels and conclusion [] [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) (citations and editing marks omitted). In particular, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In order to prevail on a claim for the reckless infliction of emotional distress, Plaintiff must plead and prove that:

(1) the defendant's conduct was extreme and outrageous,

(2) the defendant knew that there was a high probability that his or her conduct would cause severe emotional distress, and

(3) the conduct in fact caused severe emotional distress.

*Myers v. The Telegraph*, 773 N.E.2d 192, 201 (Ill. App. Ct. 2002).

Plaintiffs allege that Defendants Beckler's conduct was outrageous because he was driving recklessly and that Defendant Smithway recklessly failed to inspect and maintain the truck he was driving. They further allege that the Knights suffered

3

emotional distress as a result of witnessing the injuries suffered by her relatives. There is no allegation that Defendants knew that there was a high probability that their actions would cause severe emotional distress and there also is no allegation that Plaintiffs in fact suffered *severe* emotional distress. Defendants argue that these omissions warrant dismissal.[1] Plaintiffs, however, assert that under the liberal notice pleading requirements of Rule 8, they are not required to plead facts or every element of their claim.

In *Ashcroft v. Iqbal*, the Supreme Court reiterated the holding in *Twombly* that a formulaic recitation of the elements of a cause of action or a complaint that offers "naked assertions devoid of further factual enhancement" is insufficient. ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quotation marks omitted). Put another way, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks and citation omitted). This holding is based on two tenets: that a Court is not required to accept legal conclusions and only those claims that set forth a plausible (as oppose to merely possible) claim for relief may go forward. *Id.* at 1949-1950; *Tully v. Barada*, 599 F.3d 591, 593 (7th Cir. 2010) ("Tully states a claim only if he alleges enough facts to render the claim not just conceivable, but facially plausible."). When making the determination of plausibility, a court may rely upon "judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

---

[1] Defendants do not specifically argue that the type of "victim" Plaintiffs may be, a consideration that was relevant to a negligent infliction of emotional distress claim, is relevant to a claim of reckless infliction of emotional distress.

4

In stating that Defendants are liable for the reckless infliction of emotional distress, Plaintiffs necessarily must allege that they suffered *severe* emotional distress. The distress occasioned "must be so severe that no reasonable person could be expected to endure it." *Thomas v. Fuerst*, 803 N.E.2d 619, 625 (Ill. App. Ct. 2004). "It is the degree of emotional distress actually suffered by a plaintiff which separates the actionable from the non-actionable." *Welsh v. Commonwealth Edison Co.*, 713 N.E.2d 679, 684 (Ill. App. Ct. 1999). Thus, "fright, horror, grief, shame, humiliation and worry" may be insufficient to impose liability on Defendants. *Adams v. Sussman & Hartzberg, Ltd.*, 684 N.E.2d 935, 941-942 (Ill. App. Ct. 1997).

In the Complaint, Plaintiffs allege that: Allison Knight "believed her child was dead as a result of the impact that she witnessed immediately in front of her" and that she "suffered emotional distress due to observing the injuries to her relatives at the scene of the collision." (Complaint ¶¶ 44 and 45). With respect to Bekcler, she alleges that he "knowingly and recklessly" drove in excess of the speed limit, with defective brakes, and while fatigued. (Complaint ¶¶ 50 and 51). With respect to Smithway, she alleges that it "knowingly and recklessly" failed to enforce a brake inspections and maintenance for two years. (Complaint ¶ 53). Jack Knight II alleges that after the collision between his parents' vehicle and Beckler's truck, he "walked up to the vehicle and viewed their injuries" and that he "suffered from emotional distress due to injuries that he witnessed his relatives have at the scene of the collision." (Complaint ¶¶ 57, 58, and 63). Jack Knight II only alleges that Beckler "knowingly and recklessly" drove while fatigued (as oppose to Allison

Knight who alleges that he was also speeding and driving with defective brakes) and similarly alleges that Smithway failed to inspect and maintain the brakes.

Plaintiffs do not specifically assert that they suffered severe emotional distress. This Court would have to infer that the distress occasioned by viewing the injuries of one's relatives was severe such that no man could be expected to endure it. This is where Plaintiffs' claims fail to state a claim. As indicated above, it is the degree of suffering that distinguishes the cause of action of intentional or reckless infliction of emotional distress from a mere recovery of compensatory damages in a tort case for pain, suffering, and mental anguish. At most, it can only be reasonably inferred from the allegations that Plaintiffs (naturally) suffered fright and horror at observing their relatives' injuries.[2] While it is certainly conceivable that seeing the injuries of one's relatives could cause severe emotional distress, the allegations in the Complaint do not push such a possibility into the realm of plausibility. Common sense and experience dictate that Plaintiffs must allege more than that they merely suffered emotional distress.

Moreover, while not argued by Defendants, Plaintiffs have not alleged that "the defendant knew that there was a high probability that his or her conduct would cause severe emotional distress." It is reasonable to infer that Defendants knew that their allegedly "reckless" conduct would result in an accident. However,

---

[2] It may also be argued that Plaintiffs have pled themselves out of court by specifying that their emotional distress was occasioned by viewing the injuries of their relatives, and not, for example because they observed the actual accident, they feared for their own safety, or they believed that their child was *fatally* injured.

Plaintiff have failed to allege that they knew that their action would probably also cause Allison and Jack Knight II to suffer from severe emotional distress.

## CONCLUSION

For the foregoing reason, Defendants' Motion to Dismiss is GRANTED (Doc. 25). Counts 9, 10, 13, and 14 are DISMISSED.

Entered this <u>21st</u> day of July, 2010

<u>    s/ Joe B. McDade    </u>
JOE BILLY MCDADE
United States Senior District Judge
